**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1474C
(Filed: May 17, 2017)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MELVIN SMITH,

          Plaintiff,

v.

THE UNITED STATES,

          Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED
MAY 17 2017
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

    Plaintiff, appearing *pro se*, alleges that the United States Department of Agriculture improperly administered a settlement of a class action lawsuit brought by African American farmers against the Department of Agriculture ("DOA"). *In re Black Farmers Discrimination Litigation*, No. 08-mc-511 (D.D.C.) ("*BFDL*"). The Complaint alleges that plaintiff's mother was a member of the class that settled that lawsuit and that he is the representative of her estate, which is owed a payment pursuant to the settlement agreement in the district court case. Defendant has moved to dismiss the complaint for lack of jurisdiction, arguing that plaintiff's real complaint is not against the United States, and that, in any event, the district court maintains jurisdiction over the administration of the *BFDL* settlement.[1]

---

[1] The Complaint does not contain much detail, which prompted defendant to also move to dismiss under rule 12(b)(6) for failure to adequately plead a claim for which the court can afford relief. Plaintiff's response to that motion was entitled "Motion to Amend/Supplement Complaint." It contains additional factual information. We treated that document as a response to the
(continued...)

7014 1200 0000 9093 7153

Plaintiff is incarcerated in Alabama, which he alleges resulted in his receiving the notice of settlement several years too late. Plaintiff alleges negligence on the part of DOA, or its settlement administrators, in not taking steps to ensure that incarcerated representatives or heirs of class members received timely notice of the settlement. As a result of receiving late notice, he was unable to timely submit a claim form. After several rounds of correspondence, plaintiff alleges, he was eventually directed to contact the settlement ombudsman. He alleges that he did so twice but that he has not received an answer to his inquiries. He thus filed suit here.

Defendant argues that, per the terms of the settlement agreement in the *BFDL* case, it is plaintiffs' counsel who are responsible for the settlement administration by and through the retention of a third-party firm to handle disbursement of settlement funds. Further, regardless of whether the United States is liable for the actions of the settlement administrator in the case, any challenge to the terms or administration of the settlement belongs in district court. Defendant cites to the terms of the settlement agreement adopted by the court in *BFDL* and the order entering the judgment, which adopted the agreement. *See In re BFDL*, No. 08-mc-511 (D.D.C. Oct. 27, 2011) (unpublished order approving the settlement and ordering judgment). The district court's order adopting the settlement states that the court "retains jurisdiction over this Settlement, including the administration and fulfillment of the Settlement, and retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Order and Judgment . . . until 200 days after the date of the Final Accounting . . . ." *Id.* at 12. The government points out that a final accounting of the settlement has not yet been filed with the court, and thus jurisdiction over the settlement remains in district court.[2]

---

[1](...continued)
motion to dismiss. In light of plaintiff's *pro se* status, however, we also consider the additional factual allegations contained therein as if pled in the complaint. As a result of this additional factual information, defendant appears to have abandoned its argument regarding the sufficiency of plaintiff's complaint in its reply brief, and we thus consider only the jurisdictional issue.

[2] We may take judicial notice of documents filed in other courts, and may consider them in deciding a motion to dismiss for lack of jurisdiction.
(continued...)

Defendant is correct that the district court has retained jurisdiction over the handling of the settlement, and the district court has not yet received the final accounting. Any claim of entitlement to settlement proceeds or challenges to the administration of the settlement thus belong with the United States District Court for the District of Columbia.

As an additional matter, we note that we would not otherwise have jurisdiction over the allegations contained in the complaint, as amended by plaintiff's response to the motion to dismiss, even were the allegations construed to be against the United States, because they are tort claims. This court has jurisdiction over monetary claims against the United States other than those that "sound in tort." 28 U.S.C. § 1498 (2012). Claims of intentional misconduct or negligent performance of duties are tort claims and are thus not cognizable in this court.

Because we do not have jurisdiction over the allegations in plaintiff's complaint, the following is ordered:

1. Defendant's motion to dismiss is granted.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge

---

²(...continued)
*Wagstaff v. United States*, 105 Fed. Cl. 99, 112 (2012).